UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONNY NELSON NIXON,<br><br>　　　　Petitioner,<br><br>　v.<br><br>SUPERIOR COURT OF KERN,<br><br>　　　　Respondent. | No. 1:20-cv-00049-DAD-SAB (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATION, DENYING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO CLOSE CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>(Doc. No. 4) |

Petitioner Johnny Nelson Nixon is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On January 27, 2020, the assigned magistrate judge issued findings and recommendations recommending that the pending petition be denied as an unauthorized second or successive petition. (Doc. No. 4.) The findings and recommendations were served on petitioner and contained notice that any objections thereto were to be filed within thirty (30) days of the date of service of the findings and recommendations. Petitioner filed timely objections. (Doc. No. 8.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including petitioner's

/////

1

objections, the court has determined the findings and recommendations to be supported by the record and proper analysis.

In his objections, petitioner, in conclusory fashion, argues that the instant federal habeas petition raises different grounds for relief than his prior petition. (Doc. No. 8 at 2.) As noted in the findings and recommendations, a petitioner may file a second or successive petition raising a new ground for federal habeas relief if it meets the requirements set forth in 28 U.S.C. § 2244(b)(2)(A)–(B). (Doc. No. 4 at 1–2) (noting that a successive petition raising a new ground must be denied unless the petitioner can show that (1) the claim rests on a new, retroactive, constitutional right or (2) the factual basis for the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense). However, it is not the district court that decides whether a second or successive petition meets these requirements. Rather, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the *appropriate court of appeals* for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A) (emphasis added). Because petitioner in this case has made no showing that he has obtained prior leave from the Ninth Circuit to file a successive petition, this court has no jurisdiction to consider his application for relief under 28 U.S.C. § 2254 and must deny the petition. *Burton v. Stewart*, 549 U.S. 147, 157 (2007).

Having found that petitioner is not entitled to habeas relief, the court now turns to whether a certificate of appealability should issue. A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); 28 U.S.C. § 2253. Where, as here, the court denies habeas relief on procedural grounds without reaching the underlying constitutional claims, the court should issue a certificate of appealability "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain

procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in denying the petition or that the petitioner should be allowed to proceed further." *Id.* In the present case, the court finds that reasonable jurists would not find the court's determination that the petition should be denied debatable or wrong, or that petitioner should be allowed to proceed further. Therefore, the court declines to issue a certificate of appealability.

Accordingly:

1. The January 27, 2020 findings and recommendations (Doc. No. 4) are adopted in full;
2. The petition for writ of habeas corpus is denied as an unauthorized second or successive petition;
3. The Clerk of Court is directed to close the case; and
4. The court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: **April 7, 2020**

UNITED STATES DISTRICT JUDGE